UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HINDU AMERICAN FOUNDATION,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>SUNITA VISWANATH et al.,  )<br>  )<br>Defendants.  )<br>  ) | Case No. 21-cv-01268 (APM) |

**ORDER**

Pending before the court are four motions to dismiss Plaintiff Hindu American Foundation's defamation complaint. Mot. of Def. John Prabhudoss to Dismiss the Compl. Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 34; Mot. to Dismiss the Compl. by Defs. Sunita Viswanath & Raju Rajagopal, ECF No. 35; Mot. to Dismiss by Def. Audrey Truschke, ECF No. 36; Mot. to Dismiss by Def. Rasheed Ahmed, ECF No. 37 [hereinafter Def. Ahmed's Mot.]. Defendant Rasheed Ahmed ("Ahmed") has challenged the court's subject matter jurisdiction over Plaintiff's claims. Def. Ahmed's Mot. at 13. Plaintiff invokes the court's diversity jurisdiction, which requires both complete diversity of parties and an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a). Ahmed argues that Plaintiff has not adequately alleged the latter requirement. Def. Ahmed's Mot. at 13.

Plaintiff "bears the burden of establishing the amount in controversy." *Rosenboro v. Kim*, 994 F.2d 13, 17 (D.C. Cir. 1993). "It is true that a plaintiff need not provide an exact valuation or detailed breakdown of damages at the outset of litigation, as the claimed sum controls if 'apparently made in good faith.'" *Bronner ex rel. Am. Stud. Ass'n v. Duggan*, 962 F.3d 596, 610

(D.C. Cir. 2020) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "[I]t does not follow," however, "that any unsupported claim will suffice." *Id.* Indeed, "dismissal is warranted if . . . the plaintiff[] submit[s] *no* evidence supporting [its] alleged injury." *Id.* (internal quotation marks and alterations omitted).

Here, Plaintiff alleges that "the amount in controversy exceeds $75,000" and that it "has lost and/or expended and/or will lose and/or expend at least $75,000 as a result of events that occurred after Defendants" allegedly conspired to defame Plaintiff. Compl. for Damages, ECF No. 1 [hereinafter Compl.], ¶ 16. Elsewhere in the complaint, Plaintiff alleges that the challenged conduct "has injured, and will cause further substantial injury, to [its] reputation and ability to fundraise" and that it "has suffered, or will suffer, lost donations in an amount to be proven at trial, and which exceed $75,000." *Id.* ¶¶ 6, 36, 44, 49, 53. Plaintiff's opposition focuses on lost donations as the source of the amount in controversy. Opp'n to Def. Ahmed's Mot., ECF No. 39 [hereinafter Opp'n], at 28. Neither the complaint nor the opposition contains further factual development as to actual losses, or even potential losses. Plaintiff has not, for instance, alleged that at the time Plaintiff filed this action any donors had threatened to pull their financial support for the organization because of the allegedly defamatory statements. *Cf. BYD Co. Ltd. v. All. for Am. Mfg.*, No. 20-cv-03458 (TNM), 2021 WL 1564445, *3 (D.D.C. Apr. 21, 2021) (comparing—and ultimately dismissing—complaint that lacked "any facts showing *how* the alleged defamatory statements were highly damaging to [the plaintiff's] business" to one in which the plaintiff "asserted that an article caused substantial damage to its business reputation and business dealings because several third parties had already raised the defamatory statements as a reason to delay or terminate contemplated business transactions with [the plaintiff]" (internal quotation marks and alterations omitted)).

Plaintiff argues that it need not present evidence of harm at this time, Opp'n at 28, but it "clearly misunderstands [its] burden. [It] is obligated to produce support for his damages claims at this jurisdictional juncture, not just in the future." *Szymkowicz v. Frisch*, No. 19-cv-3329 (BAH), 2020 WL 4432240, *6 (D.D.C. July 31, 2020) (citing *Rosenboro*, 994 F.2d at 18); *see also BYD Co.*, 2021 WL 1564445, at *3 (dismissing complaint where the plaintiff "offer[ed] no factual basis for the Court to infer that any loss in reputation caused or otherwise contributed to lost profits exceeding $75,000").

In addition to lacking supporting facts, Plaintiff's theory of damages for purposes of the amount-in-controversy requirement appears to be based on a mere speculative expectation that it may lose donations at some undefined future time. Again, Plaintiff's alleges that it has lost or *will lose* donations in excess of $75,000. Compl. ¶ 16; *see also id.* ¶¶ 6, 36, 44, 49, 53; Opp'n at 28–29. The court is left questioning whether Plaintiff has lost anything at all, much less an amount in excess of $75,000. Parties invoking the court's diversity jurisdiction are not permitted to premise such jurisdiction entirely on mere speculation. *See Rosenboro*, 994 F.2d at 19. Moreover, Plaintiff's argument that Ahmed's position—requiring more specific, nonspeculative factual support at the motion-to-dismiss stage—"would mean that, even if [it] can prove an eventual loss of more than $75,000, the court would not have subject matter jurisdiction," Opp'n at 29, misses the important point that the court measures subject matter jurisdiction at the time of filing. *Szymkowicz*, 2020 WL 4432240, at *8 n.11 (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989)).[1]

Plaintiff's inclusion of punitive damages in the prayer for relief does not alter the outcome, notwithstanding Plaintiff's suggestion to the contrary. *See* Opp'n at 28–29. "[W]here the

---

[1] "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007).

3

availability of punitive damages is the sine qua non of federal jurisdiction[,] the District Court should scrutinize the punitive damage claim to ensure that it has at least a colorable basis in law and fact." *Kahal v. J.W. Wilson & Assocs., Inc.*, 673 F.2d 547, 549 (D.C. Cir. 1982). "Liberal pleading rules are not a license for plaintiffs to shoehorn essentially local actions into federal court through extravagant or invalid punitive damage claims." *Id.* At this time, Plaintiff's allegations merit closer scrutiny: Plaintiff has offered no facts supporting a claim for compensatory damages, so "even adding potential punitive damages to the calculus, [Plaintiff] still falls short of satisfying the amount-in-controversy requirement." *Szymkowicz*, 2020 WL 4432240, at *9 (rejecting plaintiff's reliance on punitive damages to establish amount in controversy because "plaintiff ha[d] shown only a *de minimis* amount of compensatory and presumed damages potentially at issue"); *see also BYD Co.*, 2021 WL 1564445, at *4.

In short, at this stage, Plaintiff has offered little more than a "bare-bones assertion of jurisdictional sufficiency to suggest that the monetary damages arising from [Plaintiff's] . . . claims even remotely approach $75,000." *Bronner*, 962 F.3d at 610; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (internal quotation marks omitted)).

In light of the substantial question raised as to whether Plaintiff has adequately alleged that it suffered any actual damage from the challenged conduct, rather than dismiss the complaint outright, the court will (1) stay the motions to dismiss and allow for a limited period of jurisdictional discovery as to the amount in controversy until May 13, 2022, and (2) accept supplemental briefing on the issue. Defendants shall file a consolidated supplemental brief by May 27, 2022, of no more than 15 pages; Plaintiff shall file its response brief by June 10, 2022, of

no more than 15 pages; and Defendants may file a consolidated reply by June 17, 2022, of no more than 10 pages.  The foregoing page limitations are exclusive of exhibits.

Dated: March 15, 2022

Amit P. Mehta
United States District Court Judge