UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
------------------------------------ X
                                     :
HINDU AMERICAN FOUNDATION,           :
                                     :
                    Plaintiff,       :
                                     :
        -against-                    :   No. 1:21-CV-01268-APM
                                     :
SUNITA VISWANATH, RAJU RAJAGOPAL,    :   **STIPULATED PROTECTIVE**
RASHEED AHMED, JOHN PRABHUDOSS, and  :   **ORDER**
AUDREY TRUSCHKE,                     :
                    Defendants.      :
                                     :
------------------------------------ X

HON. AMIT P. MEHTA, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

1.      Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" ("AEO") pursuant to the terms of this Order shall not disclose such Confidential or AEO Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person producing any given Discovery Material may designate as Confidential

1

only such portion of such material as consists of information that the producing person believes in good faith is entitled to confidential treatment under applicable law and which is otherwise generally unavailable to the public, including:

    (a)    previously nondisclosed financial information;

    (b)    previously nondisclosed business and/or organizational information, including information regarding confidential business practices, business plans, , internal training materials, or fundraising and marketing goals, strategies, plans, projections, campaigns, and/or reports;

    (c)    trade secrets or other confidential research, development, or proprietary information;

    (d)    confidential information about donors, donations, financial contributions and/or gifts, including donor lists, names, addresses and other contact information, amounts given, and banking or related financial information;

    (e)    any information of a financial, personal, or intimate nature regarding any individual; or

    (f)    any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as "Highly Confidential – Attorneys' Eyes Only" only such portion of such material as consists of extremely sensitive "Confidential" information, disclosure of which to another party or non-party would create a substantial risk of serious harm that cannot be avoided by less restrictive means.

4. With respect to the Confidential or AEO portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "AEO" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner

that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the Confidential or AEO information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential or AEO information, in which case the transcript of the designated testimony shall be marked "Confidential Information Governed by Protective Order" or "Highly Confidential – Attorneys' Eyes Only Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or AEO, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or AEO under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, except the execution of a Non-Disclosure Agreement is not necessary if the person testifying

in deposition or trial is the author of the document, the document's addressee, or any other person indicated on the face of the document as having received a copy;

(e) any person retained by a party to serve as an expert witness, as a jury/trial consultant (including mock jurors), or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Highly Confidential – Attorneys' Eyes Only" to any other person whomsoever, except to:

(a) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b) attorneys who are employees of a party to this action;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any person retained by a party to serve as an expert witness, as a jury/trial consultant (including mock jurors), or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) stenographers engaged to transcribe depositions conducted in this action; and

(f) the Court and its support personnel.

8. Prior to any disclosure of any Confidential or AEO Discovery Material to any person referred to in, and required to execute a Non-Disclosure Agreement pursuant to, subparagraphs 6(d), 6(e), or 7(d) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. All Confidential and AEO Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or AEO Discovery Material, shall be filed under seal with the Clerk of the Court with a simultaneous motion pursuant to Local Rule 5.1(h) and kept under seal until further order of the Court; the filing of a motion pursuant to Local Rule 5.1(h) is without prejudice to the filing party's rights pursuant to Paragraph 10 of this Protective Order. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential and/or AEO Discovery Material itself, and not text that in no material way reveals the Confidential and/or AEO Discovery Material.

10. Any party who either objects to any designation of confidentiality, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will describe their disputes in a single letter, jointly composed. Separate and successive letters will be returned, unread. Strict adherence to Local Rule 7(m) is required. The joint letter shall describe concisely the issues in dispute and the respective position of the parties, with citations for supporting authority, and shall not exceed 5 pages.

11. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or AEO. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential or AEO Document or information contained in any Confidential or AEO Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Each person who has access to Discovery Material that has been designated as Confidential or AEO shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16. As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion

shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

18. Recipients of Confidential or AEO Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

19. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

20. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: May 4, 2022
/s/ Ryan J. Stonerock, Esq.
Ryan J. Stonerock, Esq. (DC Bar 1632636)
Dilan A. Esper, Esq. (admitted *pro hac vice*)
Lan P. Vu, Esq. (admitted *pro hac vice*)
HARDER LLP
8383 Wilshire Blvd., Suite 526
Beverly Hills, California 90211
Telephone: 424-203-1600
Attorneys for Plaintiff
Hindu American Foundation

| | |
|---|---|
| Dated: May 4, 2022 | /s/ Joshua Colangelo-Bryan, Esq._<br>Joshua Colangelo-Bryan (admitted *pro hac vice*)<br>Daniel Goldberger (admitted *pro hac vice*)<br>DORSEY & WHITNEY LLP<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: 212-415-9200<br>Attorneys for Defendant Rasheed Ahmed |
| Dated: May 4, 2022 | /s/ Thomas B. Sullivan, Esq._<br>David A. Schulz, Esq.<br>Thomas B. Sullivan, Esq.<br>Jacquelyn N. Schell, Esq. (admitted *pro hac vice*)<br>Joseph Slaughter, Esq.<br>BALLARD SPAHR LLP<br>1675 Broadway, 19th Floor<br>New York, NY 10019<br>Telephone: (212) 223-0200<br>Attorneys for Defendants Sunita Viswanath and Raju Rajagopal |
| Dated: May 4, 2022 | /s/ Eric J. Feder, Esq._<br>Eric J. Feder, Esq. (D.C. Bar No. 996955)<br>DAVIS WRIGHT TREMAINE LLP<br>1301 K Street NW<br>Suite 500 East<br>Washington, D.C. 20005-3317<br>Telephone: (202) 973-4200<br><br>Jared Carter (admitted *pro hac vice*)<br>Christina Neitzey (*pro hac vice* application forthcoming)<br>CORNELL LAW SCHOOL FIRST AMENDMENT CLINIC<br>Myron Taylor Hall<br>Ithaca, NY 14853<br>Telephone: (207) 319-6050<br>Attorneys for Defendant Audrey Truschke |

Dated: May 4, 2022                                /s/ Daniel M. Sullivan, Esq.
                                                  Daniel M. Sullivan, Esq.
                                                  Andrew W. Chang, Esq. (D.C. Bar 1601463)
                                                  HOLWELL SHUSTER & GOLDBERG LLP
                                                  425 Lexington Ave.
                                                  New York, New York 10017
                                                  Telephone: (646) 837-5132
                                                  Attorneys for Defendant John Prabhudoss


Dated: _____                    **SO ORDERED.**


                                                  _____
                                                  AMIT P. MEHTA, U.S.D.J.
                                                  Washington, D.C.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

------------------------------------ X
                                                    :

HINDU AMERICAN FOUNDATION,    :

                Plaintiff,    :

      -against-    :    No. 1:21-CV-01268-APM

SUNITA VISWANATH, RAJU RAJAGOPAL,    :  **NON-DISCLOSURE**
RASHEED AHMED, JOHN PRABHUDOSS, and    :  **AGREEMENT**
AUDREY TRUSCHKE,    :
          Defendants.    :

------------------------------------ X

      I, _____ (Name), acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential – Attorneys' Eyes Only. I agree that I will not disclose such Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information designated as Confidential or Highly Confidential – Attorneys' Eyes Only to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the District of Columbia for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____    _____

Name (printed): _____