UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Hindu American Foundation,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CASE NUMBER 1:21-CV-01268-APM** |
| ) | |
| **Sunita Viswanath, Raju Rajagopal,** ) | |
| **Rasheed Ahmed, John Prabhudoss, &** ) | |
| **Audrey Truschke,** ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' CONSOLIDATED REPLY SUPPLEMENTAL BRIEF IN SUPPORT OF MOTIONS TO DISMISS

# **TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................... 2

      I.      HAF's Allegations About the Jurisdictional Amount Lack a Good-Faith Basis ......... 2

      II.     HAF Misconstrues the "Legal Certainty" Test, Relying on Inapposite Case Law ..... 3

      III.    HAF Fails to Meet its Burden Through Unavailing Arguments About "the Evidence." ................................................................................................................ 7

CONCLUSION ................................................................................................................................ 10

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Bronner ex rel. Am. Stud. Ass'n v. Duggan*,
  962 F.3d 596 (D.C. Cir. 2020) ................................................................................................5, 6

*Apton v. Volkswagen Grp.*,
  233 F. Supp. 3d 4 (D.D.C. 2017) ................................................................................................10

*Burk v. Med. Sav. Ins. Co.*,
  348 F.Supp.2d 1063 (D. Ariz. 2004) ..........................................................................................10

*BYD Co. Ltd. v. All. for Am. Mfg*,
  554 F.Supp.3d 1 (D.D.C. 2021) ....................................................................................................7

*BYD Co. v. All. for Am. Mfg.*,
  No. 1:20-cv-03458 (TNM), 2021 U.S. Dist. LEXIS 76425 (D.D.C. Apr. 21, 2021) ................6, 7, 9

*Compton v. Alpha Kappa Alpha Sorority*,
  Inc., 64 F. Supp. 3d 1, 14-15 (D.D.C. 2014)................................................................................9

*Hartigh v. Latin*,
  485 F.2d 1068 (D.C. Cir. 1973) ................................................................................................4, 5

*James v. Lusby*,
  499 F.2d 488 (D.C. Cir. 1974)...................................................................................................4, 5

*Kaspersky Lab, Inc. v. U.S. Dep't of Homeland Sec.*,
  909 F.3d 446 (D.C. Cir. 2018).......................................................................................................9

*Love v. Budai*,
  665 F.2d 1060 (D.C. Cir. 1980).................................................................................................4, 5

*Mace v. Domash*,
  550 F. Supp. 2d 101 (D.D.C. 2008) ..............................................................................................4

*National Ass'n of Mental Health v. Califano*,
  717 F.2d 1451 (D.C. Cir. 1983)................................................................................................5, 6

*Payne v. District of Columbia*,
  559 F.2d 809 (D.C. Cir. 1977)..................................................................................................4, 5

*Rosenboro v. Kim*,
  994 F.2d 13 (D.C. Cir. 1993).....................................................................................................4, 5

*Surber v. Reliance Nat'l. Indem. Co.*,
  110 F.Supp.2d 1227 (N.D. Cal. 2000) ........................................................................................10

*Szymkowicz v. Frisch*,
   2020 WL 4432240 (D.D.C. July 31, 2020)..................................................................................6, 7

Defendants respectfully submit this reply brief in further support of their motions to dismiss.

**INTRODUCTION**

In its March 15, 2022 Order (ECF 48) (the "Order"), the Court stated that it was "left questioning whether Plaintiff has lost anything at all, much less an amount in excess of $75,000," including on the basis that "Plaintiff has not, for instance, alleged that at the time Plaintiff filed this action any donors had threatened to pull their financial support for the organization *because* of the allegedly defamatory statements." *Id.* at 2-3 (emphasis added).  Nonetheless, the Court allowed HAF an additional opportunity to meet its burden of showing damages in excess of $75,000 arising from the challenged statements through jurisdictional discovery and supplemental briefing.  *See id.*

The discovery and briefing have made it perfectly clear why HAF did not offer allegations of the sort the Court noted were absent:  There is *no* evidence linking HAF's alleged damages with the challenged statements.  In fact, HAF admitted in written discovery that it is "unaware of any written or oral communications in which a donor specifically told [HAF] that the donor would cease the donor's donations because of one or more of the alleged defamatory statements as described in the Complaint."[1]  It made the same admission regarding alleged reduced donations.

Now, in its Supplemental Memorandum in Opposition to Motions to Dismiss ("Opp."), HAF does not even contend there is competent evidence showing its alleged damages resulted from the challenged statements.  To the contrary, HAF claims only to "believe," *i.e.*, to speculate

---

[1] HAF's written discovery responses were filed as Exhibit A to Defendants' Consolidated Supplemental Brief in Support of Motions to Dismiss ("Defs. Supp. Br.").

without evidence, that its alleged damages are related somehow to the statements. *See* Opp. at 2 ("HAF *believes* that these lost and reduced donations are due, *at least in part*, to Defendants' defamation"), *id.* (HAF lost at least two grants…, "which HAF *believes* was *connected* to Defendants' defamation"), *id.* ("HAF *believes* that [not being invited to give a Hinduism 101 presentation] was caused by the defamation") (emphases added).

It is axiomatic that speculation is insufficient to open the doors to a federal courthouse. And, in this vein, HAF does not cite any authority to support its contention that a *belief* – rather than a preponderance of *evidence* – can satisfy its burden. Unable to offer such authority, HAF instead cites to cases it claims stand for the proposition that Defendants must show to a "legal certainty" that the type of damages claimed are barred by law or an admission by HAF. Not only does HAF misstate the parameters of the legal certainty test, but it also ignores that the cases it cites involved harm which, if proven, would indisputably have been attributable to the named defendants. These cases cannot rescue HAF from its failure to demonstrate any factual basis for its "belief" that it was damaged by the allegedly defamatory statements, nor from its admissions that there is no such basis.

In short, HAF has not met, and cannot meet, its burden of offering evidence that it lost "financial support…*because* of the allegedly defamatory statements." Order at 2 (emphasis added). As such, the Complaint should be dismissed with prejudice.

## ARGUMENT

I.  **HAF's Allegations About the Jurisdictional Amount Lack a Good-Faith Basis.**

The record contradicts HAF's argument that its "amount-in-controversy allegation" should be accepted because it was made "in good faith." *See* Opp. at 3. HAF alleged it "has lost and/or expended…at least $75,000" due to Defendants' conduct. Complaint for Damages (ECF

1) ("Complaint") ¶ 16.[2]  However, HAF knew when making this allegation that there was no evidence linking its purported damages to Defendants' actions; for that reason, undoubtedly, the Complaint provided no supporting detail.  *See* Order at 2 ("Plaintiff has not, for instance, alleged that at the time Plaintiff filed this action any donors had threatened to pull their financial support for the organization because of the allegedly defamatory statements.").  Indeed, discovery revealed that no donors, potential donors, or other prospective funders had told HAF their contribution decisions were based on Defendants' statements, and that HAF had not even inquired about that with a single donor, potential donor, or prospective funder.  *See* Defs. Supp. Br. at 5-8.  As such, HAF's allegations that it had suffered over $75,000 in damages due to the challenged statements had no factual basis when made.

In its supplemental brief, HAF is still unable to offer any factual support for its definitive allegations – initially made over a year ago – that its damages arose from Defendants' purported actions.  Instead, HAF asserts, without substantiation, that it "*believes* that these lost and reduced donations are due, *at least in part*, to Defendants' defamation"; that it "*believes*" its loss of grants "was *connected* to Defendants' defamation"; and that it "*believes* that [not being invited to give a Hinduism 101 presentation] was caused by the defamation."  Opp. at 2 (emphases added).  These admissions make plain that HAF's damages allegations initially lacked, and continue to lack, any factual basis.  As such, these allegations could not have been made in good faith.

**II.    HAF Misconstrues the "Legal Certainty" Test, Relying on Inapposite Case Law.**

HAF argues that all it must do to establish jurisdiction is "show that is not foreclosed 'to a legal certainty' from recovering $75,000." Opp. at 4.  HAF similarly contends Defendants

---

[2] HAF contended also that it might suffer damages in the future (Complaint ¶ 16), but that alternative framing does not bear on the issues relevant here.

3

have not identified a legal doctrine or an admission by HAF that "prohibits damages altogether." *Id.* at 8.  Both arguments miss the mark entirely:  The critical issue is not whether HAF can point to some theoretical loss over $75,000 that the law might deem to constitute "damages" abstractly or whether Defendants have shown that recovery of such purported damages is "prohibited."  Rather, the dispositive issue is that HAF has failed to offer any evidence – let alone meet its burden of proving by a preponderance – that its putative losses arose from Defendants' conduct.  *See* Defs. Supp. Br. at 3 (case law regarding burden), *id.* at 4-14 (HAF's failure to proffer relevant evidence).  That should end the inquiry.

In any event, the cases HAF cites simply underscore its failure to tie the challenged statements to its laundry list of claimed losses.  *See* Opp. at 4-5.  In *Love v. Budai*, 665 F.2d 1060 (D.C. Cir. 1980), *Payne v. District of Columbia*, 559 F.2d 809 (D.C. Cir. 1977), *James v. Lusby*, 499 F.2d 488 (D.C. Cir. 1974), and *Hartigh v. Latin*, 485 F.2d 1068 (D.C. Cir. 1973), the plaintiffs brought police misconduct claims.  *Rosenboro v. Kim*, 994 F.2d 13 (D.C. Cir. 1993), involved injuries from a car accident, and *Mace v. Domash*, 550 F. Supp. 2d 101 (D.D.C. 2008), concerned claims based on an alleged contract.  In these cases, it was undisputed that harm the plaintiffs suffered, if any, arose from the defendants' conduct.  In contrast, HAF has failed to allege facts, as opposed to proffering a belief*,* that its alleged harms arose from Defendants' conduct, rendering the cited cases irrelevant.  If anything, HAF's reliance on those cases demonstrates that it was – unsurprisingly – unable to find authority for its proposition that a plaintiff's unsupported belief about the cause of alleged injuries establishes the jurisdictional amount.

Moreover, HAF's cases do not articulate the "legal certainty" test in anything approaching the absolutist and formalistic manner HAF advocates when it asserts that "the Court

must calculate the maximum amount that HAF could recover, if all the factual conflicts are resolved in HAF's favor, all inferences are drawn HAF's way, and HAF is awarded every single dollar of damages potentially legally available…." Opp. at 5.  Rather, the reviewing courts in these cases carefully evaluated the allegations pertaining to liability and damages to assess the amount in controversy.  *See Rosenboro*, 994 F.2d at 17-19 (D.C. Circuit "look[ed] at the evidence," including "inconsistencies in [plaintiff's] own account" and a "lack of medical findings" to determine one plaintiff had not established amount); *Love*, 665 F.2d at 1063 (assessing emotional damages based on "recurrent headaches"); *Payne*, 559 F.2d at 821-22 (citing "aggravated nature" of an allegedly "armed attack" as establishing "guideposts pointing to [the] possibility" that the plaintiff suffered the requisite level of damages); *James*, 499 F.2d at 493 (court stated that "[t]he determination of the amount in controversy is closely tied to the facts in each case" before weighing facts).[3]  Thus, the legal certainty test involves the court's evaluation of the allegations or facts at issue, not merely the consideration of whether any legal doctrine or admission bars recovery of the types of damages alleged.

HAF also cites *Bronner ex rel. Am. Stud. Ass'n v. Duggan*, 962 F.3d 596 (D.C. Cir. 2020), and *National Ass'n of Mental Health v. Califano*, 717 F.2d 1451 (D.C. Cir. 1983), for the proposition that a defendant must show that a legal doctrine negates damages claims.  Opp. at 5-6.  However, HAF merely points to the factual circumstances of those cases – in *Bronner*, individual shareholders were legally barred from recovering damages suffered by the non-profit corporation in which they held shares (962 F.3d at 606), and, in *Califano*, the plaintiff

---

[3] Despite HAF's reliance on these cases, the *James* and *Hartigh* courts determined that the plaintiffs had not met the burden of establishing the requisite amount.  In *Payne*, the three-judge panel wrote three separate opinions, none of which commanded a majority, and two of which cast serious doubt on whether the plaintiff had in fact met the requirement.

affirmatively represented that its damages were less than the threshold amount (717 F.2d at 1459) – and assumes those circumstances are exhaustive. HAF is wrong. Nothing in *Bronner* or *Califano* suggests the inquiry is limited to legal exclusions or waivers. Indeed, *Bronner* held that claimed damages do not satisfy the amount-in-controversy requirement if "plaintiffs submit *no* evidence supporting their alleged injury." 962 F.3d at 610 (quotation marks and alterations omitted). *Bronner*, in fact, applied this principle to exclude an additional category of damages the plaintiff-shareholders claimed to have suffered *directly*, in their *individual* capacities. *See id.* at 609-610 ("As for the Professors' individual injuries, it is evident that their resulting damages do not exceed the $75,000 jurisdictional threshold" because, inter alia, "[t]he Professors nowhere explain *how* they have suffered economic or reputational damage.").

One case that HAF failed to address was *BYD Co. v. All. for Am. Mfg.*, No. 1:20-cv-03458 (TNM), 2021 U.S. Dist. LEXIS 76425 (D.D.C. Apr. 21, 2021), cited in the Court's Order (at 2). In *BYD*, a vehicle producer represented by Harder LLP, HAF's counsel in this case, sued a nonprofit advocacy group and some of its employees for defamation. *Id*. at *1-2. In evaluating a motion to dismiss, Judge McFadden made note of "a parallel defamation case" in which BYD had "asserted that an article 'caused substantial damage…because '[s]everal third parties ha[d] already raised the defamatory statements…as a reason to delay or terminate contemplated business transactions with BYD." *Id.* at *8. Judge McFadden noted that, in the case before him, there were no such allegations and concluded that "BYD failed to explain in any concrete terms *how* [the defendant's] alleged defamatory statements harmed it," granting the motion to dismiss. *Id*. (internal quotes omitted) (emphasis added) (citing *Szymkowicz v. Frisch*, 2020 WL 4432240,

at *8 (D.D.C. July 31, 2020)).[4]  Here, by contrast, discovery has established there is no evidence that could support a finding that HAF's alleged harm arose from the challenged statements.

### III. HAF Fails to Meet its Burden Through Unavailing Arguments About "the Evidence."

None of HAF's contentions about the record or Defendants' arguments in connection therewith has merit.  HAF first asserts it is undisputed that there were donors who reduced or ceased contributions, and that Defendants' only argument is that "it is possible that these lost donations were not caused by Defendants' conduct."[5]  Opp. at 6.  In this vein, HAF asserts Defendants ignore the legal certainty test and, essentially, seek summary judgment.  *Id*. at 6-7.  HAF misstates Defendants' position and the law.

The issue is not that, in fact, Defendants have pointed to other likely causes of the changes in donations, but that HAF has failed to offer a single fact – whether in the Complaint or discovery – to support its "belief" that it suffered lost donations due to Defendants' conduct.  *See* Opp. at 2; *id*. at 7 (framing issue, not as whether damages are tied to Defendants' conduct, but simply as "whether the $1.3 million+ in lost donations is in controversy"); *see also* Defs. Supp. Br. at 5-8.  Thus, HAF offers nothing but rank speculation, which is insufficient as a matter of

---

[4] In *BYD Co. Ltd. v. All. for Am. Mfg*, 554 F.Supp.3d 1, 7 (D.D.C. 2021), the court subsequently found subject matter jurisdiction was established through an amended complaint that alleged damages had been incurred due to the claimed defamation, including an allegation that "other potential customers…have indicated to BYD a reticence to deal with the company because of the public controversy that resulted from Defendants' false statements."  Amended Complaint ¶ 26, *BYD Co. Ltd.*, 554 F.Supp.3d 1 (D.D.C. 2021). In contrast, discovery has established in this case that no evidence would allow HAF to make such allegations in good faith; in fact, HAF's admissions establish the absence of any relevant communications with donors or potential funders.

[5] HAF ignores that it received more in donations during the 12 months after the challenged statements than in any other 12-month period.  *See* Defs. Supp. Br. at 6.

law. And HAF's contention that it "might" later try to gather evidence, including by choosing to "question donors," does nothing to demonstrate that subject matter jurisdiction exists now. *See* Order at 3 (rejecting HAF's argument that it is unnecessary to provide non-speculative evidence now because the argument "misses the important point that the court measures subject matter jurisdiction at the time of filing").

HAF's arguments regarding "lost grants and opportunities" fail for the same reasons as those regarding lost donations. Namely, HAF again mischaracterizes the substance of Defendants' position and the law, blithely claiming it can meet its burden without any evidence, or even allegations, that the purported loss of "grants and opportunities" was due to Defendants' conduct. *See* Opp. at 10 ("HAF's loss of the Oak Foundation grant by itself is sufficient to meet the amount in controversy requirement."). HAF also asserts that requiring proof beyond its non-receipt of the Oak Foundation grant – from a foundation it had no relationship with – would somehow negate claims based on circumstantial evidence, because claims "from breach of contract to antidiscrimination law, permit parties to litigate and establish by circumstantial evidence that the reason for such adverse actions was something the defendant did." *Id.* But, in a contract or discrimination action, the counter-party – indisputably – would be responsible for any wrongful conduct. Thus, HAF's analogy is inapt.

HAF's contentions about family foundations are similarly flawed. HAF claims (i) there was a 14.4% chance it would receive financial support through unsolicited contacts with foundations it had no relationship with and (ii) after the challenged statements, it did not receive support. *See* Opp. at 11; Defs. Supp. Br. at 12. Of course, HAF has no evidence that any foundation based its decision on the statements and does not know if the foundations even knew of them. *See id*.

8

HAF argues it suffered unquantified damages in connection with people whom it had "obtained" as potential donors before April 2, 2021, but who never donated. *See* Opp. at 12. Putting aside that HAF has no way to tabulate the value of this alleged harm, its argument fails because it concedes there is no evidence as to why any of the 668 prospects elected not to contribute.[6] *See* Defs. Supp. Br. at 12.[7]

HAF's argument regarding its expulsion from the Alliance Against Genocide ("AAG") (*see* Opp. at 13-14), ignores the undisputed fact that HAF never received funding from the AAG. *See* Defs. Supp. Br. at 14. If HAF claims some manner of reputational harm in connection with the expulsion, any alleged damages would be barred by law pursuant to cases cited in Defendants' supplemental brief (and ignored by HAF). *See id.* at 3 (citing *BYD*, 2021 U.S. Dist. LEXIS 76425, at *5 (corporate plaintiff may not "rely on reputational damages to establish jurisdiction," but instead is limited to "actual damages in the form of lost profits") and *Kaspersky Lab, Inc. v. U.S. Dep't of Homeland Sec.*, 909 F.3d 446, 461-62 (D.C. Cir. 2018)).

HAF's expert cannot save the Complaint from dismissal by opining that HAF, at some time in the future, may spend $485,000 to retain experts to repair its reputation from damage supposedly caused in April 2021. As discussed, a corporate plaintiff must point to lost profits to

---

[6] HAF cites *Compton v. Alpha Kappa Alpha Sorority*, Inc., 64 F. Supp. 3d 1, 14-15 (D.D.C. 2014), to contend it is not required to try to quantify these damages. *See* Opp. at 12. But, in *Compton*, the court addressed pain and suffering and emotional distress damages allegedly arising from a sorority's decision not to admit the plaintiff's daughter contrary to its recruiting policy. Again, there was no doubt in *Compton* that whatever damages had occurred were caused by the sorority. In any event, such inherently nebulous damages bear no resemblance to purported damages for lost donations.

[7] HAF also argues that the value of staff time, which it has not quantified, should be considered. *See* Opp. at 12 n.2. However, HAF never explains why it has been unable to quantify such time in the 15 months since the alleged defamation. It also fails to cite law providing that such tangible and easily measured, but unquantified, alleged damages are properly considered.

establish the requisite amount, not reputational harm.  Also, HAF must show jurisdiction was proper when the Complaint was filed, and it is undisputed that HAF had not spent a dollar on reputation experts when it filed the Complaint – and still has not – even though such experts supposedly were necessary to deal with a crisis that occurred over a year ago.  *See* Defs. Supp. Br. at 13-14.

Finally, HAF argues that jury verdicts in other cases might inform the jurisdictional amount here.  *See* Opp. at 14-15.  It is frivolous for HAF to suggest that its desultory references to media reports of verdicts in unrelated cases bear on the issue of whether HAF has shown the harm alleged in this case arose from the challenged statements.  HAF's citation to *Apton v. Volkswagen Grp.*, 233 F. Supp. 3d 4 (D.D.C. 2017), does not militate to the contrary.  *See* Opp. at 14.  There, in finding that subject matter jurisdiction did not exist, the court noted two cases from outside this District in which defendants had established jurisdiction by "introduc[ing] evidence of jury verdicts in cases involving analogous facts."  *Id.* at 15 (citing *Surber v. Reliance Nat'l. Indem. Co.*, 110 F.Supp.2d 1227 (N.D. Cal. 2000) and *Burk v. Med. Sav. Ins. Co.*, 348 F.Supp.2d 1063 (D. Ariz. 2004)).  Suffice it to say that HAF does not even contend its cursory listing of verdicts includes cases with analogous facts, let alone cases in which a plaintiff offers nothing more than a "belief" that its damages are related to a defendant's conduct.

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' earlier briefs, Defendants respectfully request that this Court grant their motions and dismiss the Complaint with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated: July 8, 2022                                   Respectfully submitted,

By: /s/ Joshua Colangelo-Bryan
Joshua Colangelo-Bryan (admitted pro hac vice)
Daniel Goldberger (admitted pro hac vice)
Briana Al Taqatqa (admitted pro hac vice)
DORSEY & WHITNEY LLP
51 West 52nd Street New York, NY 10019
Attorneys for Defendant Rasheed Ahmed

/s/ Thomas B. Sullivan
David A. Schulz, Esq.
Thomas B. Sullivan, Esq.
Jacquelyn N. Schell, Esq.
Joseph Slaughter, Esq.
BALLARD SPAHR LLP
1675 Broadway, 19th Floor New York, NY 10019
Attorneys for Defendants Sunita Viswanath and Raju Rajagopal

/s/ Eric J. Feder
Eric J. Feder, Esq.
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW Suite 500 East
Washington, D.C. 20005-3317
Jared Carter (admitted pro hac vice)
Christina Neitzey (pro hac vice application forthcoming)
CORNELL LAW SCHOOL FIRST AMENDMENT CLINIC
Myron Taylor Hall Ithaca, NY 14853
Attorneys for Defendant Audrey Truschke

/s/ Daniel M. Sullivan
Daniel M. Sullivan, Esq.
Andrew W. Chang, Esq.
HOLWELL SHUSTER & GEORGE LLP
425 Lexington Ave.
New York, New York 10017
Attorneys for Defendant John Prabhudoss

11

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022, I served the foregoing Reply Supplemental Brief via this Court's Electronic Case Filing (ECF) system to all counsel of record who have made an appearance in this case.

/s/ Joshua Colangelo-Bryan
Joshua Colangelo-Bryan