

8383 Wilshire Boulevard, Suite 526
Beverly Hills, CA 90211 • (424) 203-1600

100 Park Avenue, 16th Floor
New York, NY 10017 • (212) 799-1400

www.HarderLLP.com

March 23, 2023

Angela D. Caesar
Clerk of Court
United States District Court, District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

      Re:    *Hindu American Foundation v. Viswanath*, *et al.*, No. l:21-CV-01268-APM

Dear Ms. Caesar:

      This firm is counsel of record for Plaintiff Hindu American Foundation ("HAF") in the above-entitled action. Pursuant to Judge Amit Mehta's Order, dated March 10, 2023, we write to respond and oppose the letter to you from non-party Raqib Hameed Naik, requesting the unsealing of documents filed on June 10, 2022 by Defendants Sunita Viswanath, Raju Rajagopal, Rasheed Ahmed, John Prabhudoss, and Audrey Truschke (collectively, "Defendants") in this case (the "June 10 Filing"). (*See* Dkt. Entry Nos. 55-56). The sealed records contain extensive private highly confidential and sensitive information that would cause significant harm to HAF if publicly released. While HAF does not oppose the filing of more lightly redacted documents where the sensitive information remains under seal, HAF vigorously opposes unsealing the entire filing.

### Relevant Procedural History and the Sealed Information

      HAF is an independent, non-partisan, and non-profit organization that was founded by second-generation Hindu Americans born and raised in the United States. HAF is committed to and actively engaged in promoting dignity, mutual respect, pluralism, and the greater good for all. HAF seeks to serve Hindu Americans across all sampradaya (Hindu religious traditions), regardless of race, color, national origin, ancestry, citizenship, gender, sexual orientation, age and/or disability. As a non-profit, HAF is largely dependent on the generosity of donors to operate.

      On May 7, 2021, HAF filed a Complaint for defamation and civil conspiracy against Defendants. When Defendants filed Motions to Dismiss and this Court originally heard their motions, Judge Mehta ordered the parties to conduct discovery regarding the amount in controversy in the litigation and to submit supplemental briefs. This led to the June 10 Filing.

      The amount in controversy discovery required HAF to disclose extensive information regarding its finances and the donations that it lost as a result of Defendants' statements that HAF had alleged were defamatory. In recognition of the fact that this information was highly sensitive and confidential, the parties entered into a stipulated Protective Order pursuant to which such

Ms. Angela D. Caesar
United States District Court, District of Columbia
March 23, 2023
Page 2

information could be produced under agreement of confidentiality and solely for the purpose of this litigation, and would be filed under seal if any party were to use the material in court. The Protective Order was signed by this Court on May 5, 2022, and is Docket Entry Number 54 in this case.

The June 10 Filing includes: (1) evidentiary declarations of defense counsel, Thomas B. Sullivan and Joshua Coangelo-Bryan, with exhibits consisting of extensive confidential material obtained in discovery regarding HAF's finances, HAF's donors, and HAF's grant applications; (2) a Memorandum of Points and Authorities that discusses this confidential material in great detail, in support of Defendants' arguments for dismissing the Complaint; and (3) an unopposed Motion by Defendants to file the material under seal. (*See* Dkt. Entry No. 55-56).

First, a major issue with respect to the amount in controversy arguments in this case was whether HAF suffered a drop in donations due to Defendants' statements. The June 10 Filing contains exhibits consisting of confidential documents produced by HAF in the discovery, deposition testimony, and factual recitations relating to HAF's receipt of donations, and the amount(s) and date(s) of such donations. This is extremely sensitive information for a non-profit organization like HAF that relies on donations, which can be used by competing organizations to reach the same donors, as well as by HAF's ideological opponents. Further, contrary to Mr. Naik's conclusory statements, there is little public interest in learning the specifics as to HAF's donors and donations, especially given that, absent litigation, the public is generally limited to the public filings of charities with respect to what information it may learn about the charity—which does not include this type of donor or donation information.

Second, there is information regarding a company who had proposed to use HAF's services on an educational endeavor. Disclosure of this proposed relationship, which has never been a matter of public record, would cause great harm to HAF, because it would, among things, deter other companies from working with HAF out of fear that such information might later be disclosed. Disclosure would also interfere with HAF's ability to work with the named company in the future. This proposed educational initiative, which never took place, is not a public matter and is of little public interest or importance.

## **Legal Argument**

While Mr. Naik is correct that there is generally a presumption in favor of open court records, *In re Leopold*, 964 F.3d 1121, 1127 (D.C. Cir. 2020), that presumption is far from an absolute rule requiring filings be public. Rather, motions to unseal are governed in this Court by the standards set forth in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980).

*Hubbard* identified several principles that govern unsealing motions in civil cases. First, the interests in public access are weaker in a civil case than they are in a criminal case. *Id.* at 317-18. Second, the public interests are "only modestly served" by unsealing when the public has access to the Court's written explanation as to its decision. *Id.* at 318. Third, where there has been no previous public access to or use of the documents, this weighs against unsealing. *Id.* Fourth,

the fact that a party or third party objects to unsealing weighs against unsealing. *Id.* at 319. Fifth, when there are property or privacy interests in the information contained in the documents, that factor weighs against unsealing as well. *Id.* at 319-20. The possibility of prejudice through a sensational public disclosure also weighs against unsealing. *Id.* at 320-21. Finally, when the documents were used for a limited purpose in the case, this also weighs against unsealing. *Id.* at 321.

In addition to what *Hubbard* called those "generalized factors", the Court should also consider factors particular to the case before unsealing documents over a party's objection. For instance, the *Hubbard* court uses the example of documents that might disclose the existence of a serious crime which the public might have a strong interest in learning about. *Id.* at 323. Another example is if there are particularized privacy interests with respect to specific information contained in sealed documents. *Id.* at 323-24.

More recent cases have summarized the *Hubbard* test, which the D.C. Circuit continues to refer to as "our lodestar" for adjudicating motions to unseal. *Leopold*, 964 F.3d at 1127. The test is usually now expressed as having six factors: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *United States v. Munchel*, 567 F. Supp. 3d 9, 14-15 (D.D.C. 2021).

Under the *Hubbard* test, the three categories of information identified above—(1) donation records, (2) grant application communications, and (3) communications regarding a potential service contract between HAF and a private company—should remain confidential and under seal.

First, each of these categories of information regards private and confidential activities of HAF, which information has not been previously publicly disclosed, would usually never be disclosed to the public, and for which there is little need for public scrutiny. Mr. Naik makes a conclusory contention that the public allegedly has an interest in the conduct of charities, but offers no argument as to why private, confidential, and highly sensitive information regarding donors and donations that is not required to be contained in public filings, needs to be disclosed here or what specific information would be revealed here that is of vital interest to the public.

Second, there has been no previous public access to this information or these documents. Mr. Naik refers to the filing of a supplemental memorandum by HAF on June 24, 2022, but that filing did not reference specifics or attach any of the documents at issue that HAF is objecting to, and included a memorandum making legal arguments as to why the amount in controversy requirement was satisfied (arguments which the Court ultimately accepted in its decision on the issue). (*See* Dkt. Entry No. 58).

Ms. Angela D. Caesar
United States District Court, District of Columbia
March 23, 2023
Page 4

Third, HAF vehemently objects to the requested disclosure, and this objection is of significant importance because the information concerns HAF's own private, confidential, and highly sensitive information and activities.

Fourth, strong property and privacy interests exists here. HAF's donation amounts and timing are all highly confidential, as are HAF's relationships to companies to which it seeks to provide educational services. None of this information is of any real interest to the public, but all of it might be of a great deal of interest to HAF's critics and adversaries who could use it to interfere with HAF's ability to contract for services, or to obtain grants or donors in the future. While donors are identified by ID number rather than name in the June 10 Filing, it is reasonably possible for interested parties to trace and identify donors and harass them and/or otherwise misuse this information. Additionally, HAF promises its donors that it will keep their donation information confidential, including donation amounts as well as any other personal identifying information. (*See* HAF's privacy policy here: https://www.hinduamerican.org/privacy-policy/.)

Fifth, for the same reasons stated, HAF will suffer prejudice from the disclosure of the confidential information in the June 10 Filing.

Sixth, the sealed information and documents played a very limited role in this case. The amount in controversy is a threshold jurisdictional issue that does not go to the merits of the dispute. The gravamen of the parties' dispute did not concern HAF's donors, grantors, or counter-parties, but alleged defamatory statements made by Defendants of and concerning HAF. While these documents had to be produced in discovery and disclosed to the Court as part of the adjudication of Defendants' Motions to Dismiss, the Motions to Dismiss were not ultimately granted on amount in controversy grounds. These documents were clearly on the periphery of the parties' dispute.

Accordingly, the *Hubbard* factors and interests strongly tilt in favor of keeping the three categories of confidential information set forth above under seal. However, consistent with the presumption in favor of public access, HAF is willing to provide the Court with a copy of the June 10 Filing that limits its redactions to these two issues and which could thus be made a part of the public record of this case. *See Hyatt v. Lee*, 251 F. Supp. 3d 181, 187 (D.D.C. 2017) (approving unsealing of redacted documents to protect confidential information).

Ms. Angela D. Caesar
United States District Court, District of Columbia
March 23, 2023
Page 5

## Conclusion

      For the foregoing reasons, HAF respectfully requests that the Court deny Mr. Naik's request and not unseal the entirety of the June 10 Filling. Upon the Court's request, we are prepared to submit, provisionally under seal, a more lightly redacted version of documents from the June 10 Filing which HAF does not oppose. However, the Court should maintain as confidential all portions of the record containing private, confidential, and highly sensitive information regarding HAF's donations and proposed relationships with companies relating to the delivery of educational services.

Sincerely,

DILAN A. ESPER
**HARDER STONEROCK LLP**