

JOSHUA COLANGELO-BRYAN
Of Counsel
(212) 415-9234
FAX (646) 417-6563
colangelo.joshua@dorsey.com

March 24, 2023

**VIA ELECTRONIC FILING**

Hon. Amit P. Mehta
U.S. District Judge
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

    Re:    <u>Hindu American Foundation v. Viswanath, et al., No. 21-cv-01268-APM (D.D.C.)</u>

Dear Judge Mehta:

    We represent Defendant Rasheed Ahmed and write on behalf of all Defendants in the above-captioned matter ("Defendants"), pursuant to the Court's Order of March 13, 2023, requiring the parties to respond to a letter from Raqib Hameed Naik, Dkt. 63, requesting the unsealing of filings made on June 10, 2022. Defendants support the request and believe the filings should be made publicly available in full.

    On June 10, 2022, Defendants filed their consolidated supplemental brief in further support of their motions to dismiss on the issue of subject-matter jurisdiction, along with two supporting declarations and exhibits. *See* Dkt. 56. Certain materials attached to or referenced in those papers had been designated by Plaintiff Hindu American Foundation ("Plaintiff") as Confidential or Attorneys' Eyes Only. Consistent with the terms of the Stipulated Protective Order entered in this case, Defendants filed such materials under seal, along with redacted copies. Specifically, the following documents are at issue here:

- The Consolidated Supplemental Brief, Dkt. 56 – Redactions were made on pages 2, 5, 6, 7, 8, 9, 10, 12, 13, and 14.

- Exhibits B through J and Exhibits L through M of the Declaration of Joshua Colangelo-Bryan, Dkt. 56-3 through 56-11 and 56-13 through 56-14 – These exhibits were filed under seal in their entirety.

- Declaration of Thomas B. Sullivan, Dkt. 56-15 – Redactions were made on pages 2 and 3.



Hon. Amit P. Mehta
March 24, 2023
Page 2

- Exhibit 1 to the Sullivan Declaration, Dkt. 56-16 – Redactions were made throughout.

- Exhibit 3 to the Sullivan Declaration, Dkt. 56-18 – Redactions were made to Columns titled "Total Amount of Donations" and "Number of Donations."

Consistent with Naik's request, Defendants believe that the Court should unseal all of these materials, both those filed completely under seal and those to which redactions were applied, under both the common law and the First Amendment.

The Court should unseal the documents pursuant to the common law right of access, given that the documents are judicial records and there are no competing interests weighing against disclosure. "The right of public access is a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017). "Although [this] right is not absolute, there is a strong presumption in its favor, which courts must weigh against any competing interests." *Id.* at 663.

More specifically, courts evaluate the common law right of access by reference to a two-stage analysis. First, courts determine whether the records at issue are "judicial records" to which there is a "strong presumption" of access. *Id.* at 665-67. In the case of judicial records, courts apply the six-factor test set out in *United States v. Hubbard* to determine whether the presumption of access has been rebutted. 650 F.2d 293, 317-21 (D.C. Cir. 1980); *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 58 (D.D.C. 2009) (it is the proponent of sealing that "must come forward with specific reasons why the record, or any part thereof, should remain under seal.")

Documents filed with the court that play a role in the adjudicatory process, including briefs, are judicial records, even when they are filed under seal, so long as they "were filed before the . . . court's decision and were intended to influence it." *Metlife*, 865 F.3d at 667-68. The documents at issue here were filed in connection with Defendants' dismissal motions, and were clearly intended to influence the Court's decision on those motions. Indeed, it seems clear that the Court considered the Consolidated Supplemental Brief as well as the accompanying declarations, given that the Court denied the subject-matter jurisdiction portion of the motion to which these papers were directed. Therefore, the materials at issue are judicial records, with a strong presumption in favor of access.

The *Hubbard* test considers:

(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.



Hon. Amit P. Mehta
March 24, 2023
Page 3

*Leopold v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (ordering unsealing in criminal investigative matters) (quoting *Metlife*, 865 F.3d at 665).

  Here, all six factors weigh in favor of unsealing the records at issue, Plaintiff's contrary contentions notwithstanding. *See* Dkt. 64. First, there is a strong public interest generally in access to information related to donations made to organizations that benefit from tax-exempt status. Indeed, such organizations are required annually to publicly file Form 990s with the IRS, disclosing information about their funding. Moreover, Plaintiff itself put issues relating to funding at the heart of this case – in full public view. Indeed, Plaintiff contended repeatedly that controversies surrounding its alleged funding of extremist organizations impeded its own fund raising. *See, e.g.,* Dkt. 1 (Complaint) ¶¶ 3, 6.

  Plaintiff's argument as to this first factor mischaracterizes the sealed documents, claiming that they contain "highly sensitive information regarding donors." Dkt. 64 at 3. In fact, the sealed documents only enumerate donors with a random identification number generated by Plaintiff that has no conceivable connection to any personally identifying information of any actual donor.

  With respect to the second factor, information relating to donations received by Plaintiff is made publicly available in the normal course, via the Forms 990 Plaintiff files, as Plaintiff references in its pleading. *See* Dkt. 1 ¶ 37. And, while Forms 990 do not disclose the identities of individual donors, neither do the documents at issue here.

  As to the third factor, Plaintiff "vehemently objects" to disclosure of the records, (Dkt. 64 at 4), but that is of no moment, considering it was Plaintiff that insisted the records be submitted under seal in the first instance. Plaintiff's entirely conclusory argument about "highly sensitive information," (*see id.*), fares no better in connection with the third factor than in connection with the first or second factor.

  The fourth and fifth factors ask variations of one question: To what extent would harm to legitimate interests, such as privacy, result from unsealing? On this point, Plaintiff baldly claims the relevant documents contain "highly sensitive information regarding donors" and that "it is reasonably possible for interested parties to trace and identify donors and harass them and/or otherwise misuse this information." Dkt. 64 at 4. Again, the sealed documents do not include individual donor names because Plaintiff refused to produce them. *See* Dkt. 56 at 5 n.4. Rather, as explained, the documents refer to donors by random identification numbers that provide no possible clue as to the identity of any donor. Therefore, Plaintiff's argument that the public could use the identification numbers to identify donors, let alone harass donors, is disingenuous at best. For these reasons, Plaintiff has not carried its burden as to the fourth and fifth factors, both of which militate in favor of disclosure.

  Regarding the sixth *Hubbard* factor, *i.e.*, the purpose for which the documents were introduced during judicial proceedings, the D.C. Circuit has observed that "[a]lthough the relevance of this factor may vary from case to case, it will 'oftentimes carry great weight' when



Hon. Amit P. Mehta
March 24, 2023
Page 4

'a sealed document is considered as part of judicial decisionmaking.'" *L.A. Times Communs. LLC v. United States*, 28 F.4th 292, 298 (D.C. Cir. 2022) (quoting *CNN Inc. v. FBI*, 984 F.3d 114, 120 (D.C. Cir. 2021)). Here, the records at issue almost certainly played a significant role in the Court's analysis of subject-matter jurisdiction issues as to which the Court directed the parties to engage in discovery and to submit supplemental briefing. All of the records were filed in support of Defendants' motions, and this Court addressed the subject-matter jurisdiction issue in its opinion. *See Hindu Am. Found. v. Viswanath*, 2022 U.S. Dist. LEXIS 228890, at *13-17 (D.D.C. Dec. 20, 2022). Plaintiff's argument that the documents were on "the periphery of the parties' dispute," (Dkt. 64 at 4), simply ignores the procedural history of this case and the attention given to subject-matter jurisdiction by all involved, including the Court. Thus, the sixth factor weighs in favor of disclosure.

Finally, the fact that these documents were originally filed under seal pursuant to a protective order does not decide the issue and is not even particularly probative here. *See United States v. ISS Marine Servs.*, 905 F. Supp. 2d 121, 141 (D.D.C. 2012) ("even recognizing the previously confidential nature of this action, the mere fact that a case was, at one time, placed under seal is not a reason, in and of itself, to indefinitely maintain that seal and thus negate the public's access to judicial records"). The Court has made no assessment as to whether the records warrant sealing. Rather, the parties agreed to a Stipulated Protective Order governing discovery with the understanding that information about individual donors, among other categories of confidential personal and financial information, might be provided by Plaintiff. However, Plaintiff never produced information identifying individual donors, and the sealed documents do not include personally identifying information or financial or business information that could be used for competitive advantage. And Defendants filed the relevant documents under seal only because the Protective Order required it.

The Court should also allow access to the records under the constitutional access right. "The Supreme Court has sketched a two-stage process for resolving whether the First Amendment affords the public access to a particular judicial record or proceeding." *Dhiab v. Trump*, 852 F.3d 1087, 1102 (D.C. Cir. 2017) (Williams, J., concurring). "First the court must determine whether a qualified First Amendment right of public access exists. If so, then . . . the record or proceeding may be closed only if closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal marks and citations omitted).[1]

In determining whether the constitutional right of access attaches, courts follow the "experience and logic" test. *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 9 (1986). Under this test,

---

[1] The U.S. Court of Appeals for the District of Columbia Circuit has "never *found* a qualified First Amendment right outside the criminal context," but the court has "never categorically ruled it out either," and "many other circuits have concluded that such a right exists in civil and even administrative matters." *Dhiab*, 852 F.3d at 1104 (Williams, J., concurring); *see also In re Guantanamo Bay Detainee Litig.*, 630 F. Supp. 2d 1, 10 (D.D.C. 2009) ("[t]he consensus of the Circuits is that there has been a history of public access to civil proceedings").



Hon. Amit P. Mehta
March 24, 2023
Page 5

the right of access attaches if "the place and process have historically been open to the press and general public" and if access "plays a significant positive role in the function of the particular process." *Id*. at 8. Documents filed in connection with a dispositive motion meet this test. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 578 (4th Cir. 2004) (finding First Amendment status applied to documents filed in connection with summary judgment motion). The constitutional right of access plainly attaches to Defendants' filings because, as described above, all of these documents were filed in support of Defendants' motions to dismiss.

Because the constitutional right of access applies, the Court should make the judicial records public unless secrecy "is essential to preserve higher values and is narrowly tailored to serve that interest." *Dhiab*, 852 F.3d at 1102 (Williams, J., concurring). It is not. As explained above, the sealed documents include aggregate donation information, which the parties discussed in their briefs. The sealed documents do *not* include donor names, so continued sealing is not required to protect the identity of individuals.

For the reasons explained above, the Court should grant the third-party request to unseal the June 10, 2022 filings in the above-referenced matter (Dkt. 63).

Respectfully submitted,

/s/Joshua Colangelo-Bryan
Joshua Colangelo-Bryan (*pro hac vice*)
Daniel Goldberger (*pro hac vice*)
Briana Al Taqatqa (*pro hac vice*)
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019

Attorneys for Defendant Rasheed Ahmed